IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 13-10051-EFM

STANLEY WALKER,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Stanley Walker's Emergency Motion for Compassionate Release, 18 U.S.C. § 3582(c)(1)(A) (Doc. 90). He seeks early release from prison due to having underlying health conditions that make him susceptible to contracting COVID-19. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion for lack of jurisdiction.

**I.    Factual and Procedural Background**

On May 31, 2013, Defendant pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On August 16, 2013, Defendant was sentenced to

54 months imprisonment. He is currently incarcerated at FCC Terre Haute and projected to be released on September 28, 2020.[1]

On April 28, 2020, Defendant filed this motion asserting that he seeks early release due to the risk of contracting COVID-19 in prison. He states that he has several underlying medical conditions, including asthma, "atreal fibilation," and a damaged lung that make him more vulnerable to COVID-19. Defendant also claims that he is the full custodial parent of a seven–year old son who has asthma that makes his son more susceptible to the virus. Thus, Defendant requests that the Court grant his request for compassionate release.

## II.     Analysis

The First Step Act, enacted on December 21, 2018,[2] amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). It allows defendants to seek early release provided certain conditions are met. Specifically, the statute provides:

> **Modification of an imposed term of imprisonment**. —The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case-
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .

---

[1] Defendant violated his conditions of supervised release twice. Thus, it was revoked, and Defendant's current imprisonment is related to his second revocation.

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .[3]

Accordingly, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4]

Here, neither appear to have happened. Defendant does not state that he has exhausted all administrative rights with the BOP. Nor does he state that 30 days have passed since the warden of his facility received a request to file a motion for him.

The administrative exhaustion requirement is jurisdictional and cannot be waived.[5] "[T]he 'text, context, and relevant historical treatment' of Section 3582(c)'s various subsections suggest that Congress intended that courts treat the exhaustion requirement as jurisdictional."[6] In addition, the "failure to satisfy § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release and [] the courts lack authority 'to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic.' "[7]

---

[3] 18 U.S.C. § 3582(c)(1)(A)(i)–(ii).

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)).

[5] *See United States v. Read-Forbes*, 2020 WL 1888856, at *3-4 (D. Kan. 2020); *Boyles*, 2020 WL 1819887, at *2.

[6] *Read-Forbes*, 2020 WL 1888856, at *3 (noting that although the Tenth Circuit has not addressed the exhaustion provision in § 3582(c)(1)(A) yet, the Tenth Circuit has held that a "defendant's eligibility for a sentence reduction is jurisdictional" with regard to other subsections in § 3582(c)).

[7] *Boyles*, 2020 WL 1819887, at *2 (citing *Alam*, 2020 WL 1703881, at *2) (collecting cases)).

Because Defendant did not exhaust his administrative remedies, the Court lacks jurisdiction. Furthermore, although some courts have waived the exhaustion requirement during the COVID-19 pandemic,[8] this Court has found that "this view [i]s inconsistent with both the plain text of § 3582(c)(1)(A) and Supreme Court precedent explaining that when Congress provides a statutory exhaustion provision, 'courts have a role in creating exceptions only if Congress wants them to.' "[9] Here, there is no indication that Congress wants the courts to create an exception, through the compassionate release statute, even though there is an ongoing pandemic.

The Court recognizes and is sympathetic to Defendant's concerns during the COVID-19 pandemic. The Court also notes that the recently enacted CARES (Coronavirus Aid, Relief, and Economic Security) Act allows the BOP additional authority to grant and extend home confinement during the COVID-19 pandemic.[10] Although the Court does not have jurisdiction to grant a request for home confinement pursuant to the CARES Act,[11] Defendant can present his request to the warden of his facility for the warden's consideration. Indeed, Defendant states that he has been recommended for 90 days of RRC placement by the BOP. Thus, it appears as though Defendant is currently pursuing alternative avenues with the BOP. In sum, Defendant did not

---

[8] *See United States v. Zukerman*, 2020 WL 1659880, at *3-4 (S.D.N.Y 2020) (finding waiver of the exhaustion of administrative requirement allowable in view of the extraordinary circumstances of the COVID-19 pandemic and the defendant's advanced age and underlying health conditions); *United States v. Perez*, 2020 WL 1546422, at *3 (S.D.N.Y. 2020) (same).

[9] *Boyles*, 2020 WL 1819887, at *2 (citing *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016)).

[10] *See* Pub. L. 116-136, 134 Stat. 281 (enacted March 27, 2020). "[T]he CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic." *Read-Forbes*, 2020 WL 1888856, at *5. Section 12003(b)(2) of the CARES Act allows the Director of the BOP to lengthen the maximum amount of time a prisoner can be placed in home confinement pursuant to 18 U.S.C. § 3624(c)(2).

[11] *Read-Forbes*, 2020 WL 1888856, at *5 (citing *United States v. Engleson*, 2020 WL 1821797, at *1 (S.D.N.Y. 2020)).

Case 6:13-cr-10051-EFM   Document 93   Filed 05/01/20   Page 5 of 5

-5-

exhaust his administrative remedies under the compassionate release statute, and the Court lacks jurisdiction over Defendant's request for compassionate release.

**IT IS THEREFORE ORDERED** that the Court lacks jurisdiction over Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 90) and it is **DENIED**.

**IT IS SO ORDERED**.

Dated this 1st day of May, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE