## In the United States District Court
### for the District of Kansas

---

**United States of America**,
   *Plaintiff,*

v.             Case No. 13-10051-EFM

**Stanley L. Walker**,
   *Defendant.*

---

## Defendant's Reply Regarding Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

---

Stanley L. Walker, by and through counsel, Laquisha Ross, respectfully asks the Court to grant his original request for compassionate release. Mr. Walker submits the following reply to Government's Response opposing Mr. Walker's Amended Motion for Compassionate Release. D.E 95.

### **Procedural History**

1. On December 20, 2019, the court sentenced Mr. Walker to 14 months in custody with no supervision to follow for a revocation of his supervised release. D.E. 89.

2. On April 28, 2020, Mr. Walker filed a *pro se* motion for release from custody asking the court to grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). D.E. 90.  Mr. Walker argued that his underlying conditions of

asthma, a damaged lung and atrial fibrillation put him at risk for serious complications with COVID-19. Since there are confirmed cases of COVID-19 at FCI Terra Haute[1] and one prisoner has died of the disease already, he essentially argued the risk of complications constituted extraordinary and compelling reasons for the court to discharge the little time remaining on his sentence.

3. On April 29, the government responded that the court did not have jurisdiction because Mr. Walker failed to exhaust his available administrative remedies with the warden at FCI Terre Haute before seeking relief under Section 3582(c)(1)(A). D.E. 92 at 3. The court issued an order on May 1, 2020, denying the motion stating it lacked jurisdiction for the reasons argued by the government. D.E. 93.

4. On May 26, 2020, Mr. Walker filed an amended motion for compassionate release that included his request to the warden dated April 16, 2020. D.E. 94. He received a response from the warden on April 17, 2020, stating his request had been forwarded to the RIS coordinator.[2]  Counsel is unaware of any BOP response to Mr. Walker's request for compassionate release.

---

[1] As of the filing of this motion, BOP reports three positive inmate and one inmate death at that facility. https://www.bop.gov/coronavirus/
[2] Exhibit 1.

5. In D.E. 95, the government argued that the court should reject the defendant's motion because it does not have authority under the CARES Act to release Mr. Walker to home confinement.

## Argument

The court does have jurisdiction to hear this motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Although Mr. Walker may have been confused about the court's inability to place him on home confinement, he was not at all confused about the type of motion he filed or the applicable authority. His initial motion is entitled, "Emergency Motion for Compassionate Release, 18 USC 3582(c)(1)(A). There is no mention of home confinement. He simply asks to be released because of the abovementioned risks to his health and a desire "not to die in prison" given the little time he has left to serve. The reason for the government's opposition and the court's denial was that Mr. Walker did not appear to have requested compassionate release from the warden of Terre Haute.[3] Mr. Walker's amended motion confirms that he did indeed make a request more than 30 days ago. Hence, this court does have jurisdiction to decide his request for compassionate

---

[3] "Accordingly, 'a criminal defendant may file a motion for compassionate release only if: (1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' Here, neither appear to have happened. Defendant does not state that he has exhausted all administrative rights with the BOP. Nor does he state that 30 days have passed since the warden of his facility received a request to file a motion for him." D.E. 93 at 3.

3

release on the merits.

The crux of Mr. Walker's motion is this: he has very little time left to serve on his sentence. The serious risk to his health posed by COVID-19 constitutes extraordinary and compelling reasons to grant his request.[4]

---

[4] Courts all across the country have factored COVID-19 into their rationales for granting compassionate release. *See* **Compassionate Release:** *United States v. Hernandez*, No. 18-cr-20474, D.E. 41 (S.D. Fla. Apr. 2, 2020) (granting unopposed motion for compassionate release for defendant with cancer & immunosuppression and just under 12 months left to serve on 39 month sentence); *United States v. Perez*, No. 1:17-cr-513-AT, D.E. 98 (S.D.N.Y. Apr. 1, 2020) (granting compassionate release where "[t]he benefits of keeping [Perez] in prison for the remainder of his sentence are minimal, and the potential consequences of doing so are extraordinarily grave"); *United States v. Rodriguez*, No. 2:03-cr-271-AB, D.E. 135 (E.D. Pa. Apr. 1, 2020) (granting release after finding risk factors for COVID-19 constitute extraordinary and compelling reason and noting that prisons are "tinderboxes for infectious disease"); *United States v. Gonzalez*, No. 2:18-cr-232-TOR, D.E. 834 (E.D. Wash. Mar. 31, 2020) (releasing defendant one month into a 10 month sentence in light of medical issues; ordinarily these conditions would be manageable but "these are not ordinary times"); *United States v. Marin*, No. 15-cr-252, D.E. 1326 (E.D.N.Y. Mar. 30, 2020) ("[F]or the reasons stated in his motion, including his advanced age, significantly deteriorating health, elevated risk of dire health consequences due to the current COVID-19 outbreak, status as a non-violent offender, and service of 80% of his original sentence."); *United States v. Muniz*, Case No. 4:09-cr-199, D.E. 578 (S.D. Tex. Mar. 30, 2020) (releasing defendant serving 188-month sentence for drug conspiracy in light of vulnerability to COVID-19: "[W]hile the Court is aware of the measures taken by the Federal Bureau of Prisons, news reports of the virus's spread in detention centers within the United States and beyond our borders in China and Iran demonstrate that individuals housed within our prison systems nonetheless remain particularly vulnerable to infection."); *United States v. Bolston*, Case No. 1:18-cr-382-MLB, D.E. 20 (N.D. Ga. Mar. 30, 2020) (releasing defendant in part because "the danger inherent in his continued incarceration at the R.A. Deyton Detention Facility . . . during the COVID-19 outbreak justif[y] his immediate release from custody"); *United States v. Powell*, No. 1:94-cr-316-ESH, D.E. 98 (D.D.C. Mar. 28, 2020) (granting unopposed motion for compassionate release in light of COVID-19 and finding it "would be futile" to require defendant to first exhaust in light of open misdemeanor case); *United States v. Campagna*, 2020 WL 1489829 (S.D.N.Y. Mar. 27, 2020) (compassionate release grant); *United States v. Copeland*, No. 2:05-cr-135-DCN (D.S.C. Mar. 24, 2020) (granting First Step Act relief to defendant in part due to "Congress's desire for courts to release individuals the age defendant is, with the ailments that defendant has during this current pandemic"); *United States v. Underwood*, Case No. 8:18-cr-201-TDC, D.E. 179 (Mar. 31, 2020) (encouraging release to furlough of elderly defendant in BOP custody because, even though no positive of COVID-19 in his facility, "there is significant potential for it to enter the prison in the near future"). **Immigration:** *Jovel v. Decker*, Not reported in F.Supp., 2020 WL 1467397 at 1 (S.D. N.Y., March 26, 2020) ("in light of the considerable—and growing—concern surrounding the COVID-19 health crisis, including limited access to medical supplies, treatment, and attention, as well as Petitioner's separate personal medical issues, this Court finds that Petitioner has adequately demonstrated extraordinary circumstances requiring his release."). *Basank v. Decker*, __ F.Supp.3d __, 2020 WL 1481503 (S.D. N.Y., March 26, 2020) (issuing temporary restraining order releasing petitioners from ICE custody).

Furthermore, the grave risk to his health substantially outweighs any benefit to keeping him in prison—even if it is just for one more month.

For these reasons, Mr. Walker prays upon the Court's mercy to reduce his sentence to time served.

Respectfully submitted,

s/Laquisha Ross
Laquisha Ross, #26834
Assistant Federal Public Defender for the
District of Kansas
500 State Avenue, Suite 201
Kansas City, KS 66101
Phone: 913-551-6712
Fax: 913-551-6562
Email: laquisha_ross@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties and to the following:

Assistant United States Attorney
Jared.Maag@usdoj.gov

s/Laquisha Ross
Laquisha Ross, #26834