IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff,*  vs.  STANLEY WALKER,  *Defendant.* | Case No. 13-10051-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Stanley Walker's Amended Motion for Compassionate Release from Custody (Doc. 94). He seeks early release from prison due to having underlying health conditions that make him susceptible to contracting COVID-19. He previously filed a motion for release, but the Court denied it for lack of jurisdiction. Defendant is again before the Court with an amended motion stating that he exhausted his administrative remedies. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.    Factual and Procedural Background

On May 31, 2013, Defendant pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On August 16, 2013, Defendant was sentenced to 54 months imprisonment. He is currently incarcerated at FCC Terre Haute and serving a fourteen-

month term for a revocation of his supervised release. Defendant is scheduled to be released to RRC [Residential Reentry Center] placement on July 1, 2020.[1]

On April 28, 2020, Defendant filed a motion seeking early release due to the risk of contracting COVID-19 in prison. He stated that he had several underlying medical conditions, including asthma, "atreal fibilation," and a damaged lung that make him more vulnerable to COVID-19. Defendant also claimed that he was the full custodial parent of a seven–year old son who was susceptible to the virus. The Court denied his motion finding that Defendant had not exhausted his administrative remedies and thus the Court lacked jurisdiction.

On May 26, 2020, Defendant filed an Amended [18 U.S.C. §] 3582(c)(1)(A) Motion for Compassionate Release. In this motion, he asserts that he requested compassionate release from the Warden of FCC Terre Haute on April 16, 2020. Defendant did not receive a response from the Warden within 30 days and has not yet received one. Defendant again seeks early release relying on the same reasons he previously relied upon.

## II.   Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his

---

[1] In Defendant's original motion, he also asserted that his prison term ends on September 28, 2020.

[2] *See* Pub. L. No. 115-391, 132 Stat. 5194.

facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5] Finally, the Court must ensure that any reduction in Defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III.   Analysis

Defendant seeks early release pursuant to § 3582(c)(1)(A). The government opposes the motion but only addresses Defendant's request under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act")[7] instead of the compassionate release statute.[8]

---

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Read-Forbes*, 2020 WL 1888856, at *3 (D. Kan. 2020); *Boyles*, 2020 WL 1819887, at *2.

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[7] *See* Pub. L. 116-136, 134 Stat. 281 (enacted March 27, 2020).

[8] To the extent Defendant requests "home confinement" under the CARES Act, the government is correct that the Court does not have jurisdiction to grant such a request. *See Read-Forbes*, 2020 WL 1888856, at *5 (citing

Here, the Court has jurisdiction to hear Defendant's request. Defendant sent a request for compassionate release to the Warden at FCC Terre Haute on April 16 which was acknowledged by the Warden. On April 17, a response was sent to Defendant indicating that the Warden would respond within 30 days. He did not. To date, there has been no response. Thus, because more than thirty days have passed since Defendant filed his request with the Warden, this Court has jurisdiction.[9]

Defendant, however, fails to present the Court with extraordinary and compelling reasons warranting a reduction in his prison term.[10] Defendant seeks early release based on his underlying health conditions that make him more susceptible to contracting COVID-19 with detrimental health consequences. He also states that his already-scheduled upcoming release warrants additional consideration because his early release would have minimal impact.

Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 may be higher due to his underlying health conditions, he does not show a relatively high risk. There is no widespread outbreak at the facility in which Defendant is housed. Indeed, Defendant states that as of May 20, 2020, there are only two cases in the facility. Furthermore, the BOP has implemented procedures to control outbreaks. The Court recognizes the concerns and risks of COVID-19, but the mere presence of it at the facility does not justify a compassionate release, particularly when the BOP already has procedures in place to

---

*United States v. Engleson*, 2020 WL 1821797, at *1 (S.D.N.Y. 2020)). "[T]he CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic." *Id*.

[9] Because the government addresses Defendant's motion as though he brings it under the CARES Act, it does not address whether Defendant exhausted his administrative remedies under the compassionate release statute.

[10] Defendant does not assert that the other avenue, § 3582(c)(1)(A)(ii), i.e., he is at least 70 years of age and served at least 30 years in prison, is applicable in this case.

minimize the risks.[11]  Finally, Defendant has a very short time left to serve on his sentence, and he will no longer be in FCC Terre Haute in two weeks from this Order.  Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Amended § 3582(c)(1)(A) Motion for Compassionate Release (Doc. 94) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of June, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] The Court recognizes that these procedures may not work at all times, or in all facilities, but there is no indication that they are not working where Defendant is currently incarcerated.